IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 91-5768

---

JOEL G. PACHECO, JR.,

                                        Plaintiff-Appellant,

                    versus

DONALD B. RICE, Secretary of
Air Force, ET AL.,

                                        Defendants-Appellees.

---

Appeal from the United States District Court
for the Western District of Texas

---

(July 1, 1992)

Before GOLDBERG, HIGGINBOTHAM, and DAVIS, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

Joel Pacheco filed this action under Title VII of the Civil Rights Act of 1964, alleging that he was forced to resign from his job because of his race. The district court dismissed the suit, finding Pacheco's claim barred because he failed to initiate the administrative process within the applicable thirty day period. We affirm.

I.

In 1985, the United States Air Force employed Pacheco as an equal employment opportunity officer at Kelly Air Force Base. The security police at Kelly investigated complaints that Pacheco had sexually harassed female personnel at the base. Several women

filed sworn statements that Pacheco had offered them money for sexual favors and persisted in making unwelcome sexual advances. Pacheco was given an opportunity to respond to these allegations. His supervisors evaluated the evidence and decided that he should be fired. They notified him of their final decision on July 25, 1985. Pacheco resigned the next day.

Three years later, Pacheco allegedly discovered that a similarly situated Anglo employee of the Air Force, who had also been accused of sexual harassment, had been investigated under different procedures and ultimately was not discharged. Within thirty days, Pacheco filed an informal complaint of discrimination with an Air Force EEO officer, alleging that he had been forced to resign because he was Hispanic. He filed a formal complaint the next month. The Air Force found the complaint untimely. Pacheco appealed to the Equal Employment Opportunity Commission, which also found his complaint time barred. He then filed suit in federal district court against his supervisors and the Secretary of the Air Force. The district court dismissed the supervisors as improper defendants and dismissed the complaint because of the administrative untimeliness, among other reasons. Pacheco appeals.[1]

## II.

The remedy for claims of employment discrimination by federal employees under Title VII is provided in 42 U.S.C. § 2000e-16(a)-

---

[1] We need not consider whether the supervisors were properly dismissed because Pacheco conceded this point below.

2

(e). <u>Henderson v. United States Veterans Admin.</u>, 790 F.2d 436, 439 (5th Cir. 1986). Under this legislative scheme, federal employees must first exhaust their administrative remedies before they may bring suit in federal court. <u>Hampton v. Internal Revenue Service</u>, 913 F.2d 180, 182 (5th Cir. 1990). The EEOC's regulations provide that an agency may accept complaints only if

> [t]he complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him/her to believe he/she had been discriminated against within 30 calendar days of the date of the alleged discriminatory event, the effective date of an alleged discriminatory personnel action, or the date that the aggrieved person knew or reasonably should have known of the discriminatory event or personnel action.

> 29 C.F.R. § 1613.214(a)(1)(i) (1991).

Failure to notify the EEO counselor in timely fashion may bar a claim, absent a defense of waiver, estoppel, or equitable tolling. <u>Henderson</u>, 790 F.2d at 439-40; <u>Nealon v. Stone</u>, 958 F.2d 584, 589 (4th Cir. 1992); <u>Benford v. Frank</u>, 943 F.2d 609, 612 (6th Cir. 1991).

Pacheco argues that the thirty day period for notifying an EEO counselor of his claim did not begin to run until July of 1988, when he learned that the Air Force had treated an Anglo employee more favorably than him. He did not perceive that the circumstances surrounding his discharge were discriminatory until he discovered this disparate treatment. Because he contacted an EEO counselor within thirty days of the date he obtained this information, he contends that his claim is not barred.

We disagree. Section 1614.214(a)(1)(i) requires notice to an EEO counselor within thirty days of the date when the complainant

3

knows or reasonably should know of "the discriminatory event or personnel action." Notification within thirty days of the time a plaintiff apprehends that an adverse employment decision was motivated by a discriminatory purpose is not sufficient. The only "discriminatory event or personnel action" of which Pacheco can complain is the decision to fire him in July of 1985. Pacheco was given notice of this decision when it was made. The language of § 1613.214(a)(1)(i) indicates that the thirty day period for notifying an EEO counselor began at latest on the effective date of Pacheco's termination. Pacheco's complaint was three years late.

We have rejected arguments similar to Pacheco's with respect to time limits in other provisions of Title VII and in other employment discrimination laws. See Merrill v. Southern Methodist University, 806 F.2d 600, 605 (5th Cir. 1986) (180 day limitations period of 42 U.S.C. § 2000e-5(e) begins to run when a plaintiff knows or reasonably should know that the discriminatory act has occurred, not when he or she first perceives that a discriminatory motive caused the act); Chapman v. Homco, 886 F.2d 756, 758 (5th Cir. 1989) (two year limitations period of 29 U.S.C. § 626(e)(1) begins to run when plaintiff is notified that his employment is terminated, not when he learns that the termination was based on discriminatory factors). To allow plaintiffs to raise employment discrimination claims whenever they begin to suspect that their employers had illicit motives would effectively eviscerate the time limits prescribed for filing such complaints.

4

In Jensen v. Frank, 912 F.2d 517, 520 (1st Cir. 1990), the First Circuit confronted the same time limit that is at issue here, albeit in its pre-1987 form.[2] Like Pacheco, Jensen was a federal employee who learned after his discharge that a similarly situated co-worker of a different national origin was treated more leniently than he. Because this co-worker's case led him to suspect that his discharge was discriminatory, he argued that the thirty day period did not begin to run until he found out about his co-worker's more favorable treatment. The First Circuit rejected this argument. It concluded that whatever role discrimination may have played in the lenient treatment of Jensen's fellow employee, it could not fairly be characterized as an event triggering Jensen's obligation to contact an EEO officer. The same logic applies here. We find nothing in the amended version of § 1613.214(a)(1)(i) that mandates a different result.

We recognize that the time limit established by this regulation is subject to the traditional equitable defenses of waiver, estoppel, and equitable tolling. See Henderson, 790 F.2d at 440; Oaxaca v. Roscoe, 641 F.2d 386, 391 (5th Cir. 1981).[3]

---

[2] Before its amendment in 1987, the regulation provided that a federal employee's discrimination complaint may be processed only if "[t]he complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter, or, if a personnel action, within 30 calendar days of its effective date." 29 C.F.R. § 1613.214(a)(1)(i) (1987).

[3] The Supreme Court has indicated that "the same rebuttable presumption of equitable tolling applicable to suits

Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.  Rhodes v. Guiberson Oil Tools Div., 927 F.2d 876, 878 (5th Cir. 1991); Cada v. Baxter Healthcare Corp., 920 F.2d 446, 452 (7th Cir. 1990); see also Reeb v. Economic Opportunity Atlanta, Inc., 516 F.2d 924, 931 (5th Cir. 1975). Indeed, the EEOC has expressly provided a mechanism by which the thirty day time limit on employment discrimination complaints by federal employees may be extended.  Its regulations say that "[t]he agency shall extend the time limits in this section when the complainant shows that he/she was not otherwise aware of them, was prevented by circumstances beyond the complainant's control from submitting the matter within the time limits; or for other reasons considered sufficient by the agency."  29 C.F.R. § 1613.214(a)(4).

The doctrine of equitable tolling has its limits, however.  It does not permit plaintiffs to suspend the time for filing discrimination complaints indefinitely when they discover instances of disparate treatment of other employees months or years after their discharge.  It is to be expected that some relevant facts will come to light after the date of an employee's termination -- one purpose of filing an administrative complaint is to uncover them.  See Olson v. Mobil Oil Corp., 904 F.2d 198, 203 (4th Cir. 1990).  The requirement of diligent inquiry imposes an affirmative duty on the potential plaintiff to proceed with a reasonable

against private defendants should also apply to suits against the United States."  Irwin v. Veterans Admin., 111 S. Ct. 453, 457 (1990).

6

investigation in response to an adverse event.  <u>Compare</u> <u>Jensen v. Snellings</u>, 841 F.2d 600, 607 (5th Cir. 1988).

The gist of Pacheco's complaint was that the investigation of the sexual harassment charges against him was not performed in accordance with Air Force regulations and policies, whereas similar investigations involving Anglo employees were done by the book, with more favorable results for the employees.  There is no reason that Pacheco could not have raised this issue at the time he resigned.  The procedures governing disciplinary proceedings were well established at the time.  As a career EEO officer, Pacheco was undoubtedly far more familiar with them than most Air Force employees.  If Pacheco suspected that he was being singled out because of his race, he could easily have complained or sought information as to how disciplinary proceedings were supposed to be handled.  Inquiry into past disciplinary proceedings would have been proper.  Instead, he sat on his rights for three years.  This was not a case for equitable tolling.

Finally, Pacheco's argument that the Civil Rights Act of 1991 somehow modifies the time limit imposed by § 1613.214(a)(1)(i) is without merit.  He seems to rely on the amended version of 42 U.S.C. § 2000(e)-5(e), that an unlawful employment practice occurs with respect to seniority systems when the seniority system is adopted, when an individual becomes subject to it, or when a person is injured by the application of the seniority system.  Even if this provision were to be applied retroactively, a question we do

not address here, it is inapplicable in this case where no seniority system is at issue.

AFFIRMED.