IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-10907
Summary Calendar

_____


JOHN ALDRIDGE,

Plaintiff-Appellant,

versus

LAWRENCE H. SUMMERS,
Secretary of the Treasury,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Texas, Wichita Falls
USDC No. 7:98-CV-220-R

_____

April 12, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

John Aldridge appeals the district court's dismissal of his complaint for failure to exhaust administrative remedies in a timely manner. Because Mr. Aldridge failed to file his claims in a timely manner, and because equitable tolling and delay in the filing deadline are inappropriate, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Between 1983 and 1987, Mr. Aldridge worked as an agent for the Internal Revenue Service. In 1984, the IRS transferred him to its office in Wichita Falls, Texas. Mr. Aldridge has alleged that his supervisor at that office discriminated against him until September 1987, when Mr. Aldridge resigned. Mr. Aldridge cited his poor health as his reason for leaving at the time.

Mr. Aldridge contends that he was seriously ill over the next six years. Then, in March 1993, he asserts that he found a journal that he kept while an IRS agent. Mr. Aldridge contends that after reviewing this journal, he decided to bring a Title VII claim against the IRS. However, he waited an additional six months, until September 1993, to file a complaint with the EEOC.

After meeting with the EEO counselor, Mr. Aldridge filed a formal discrimination complaint with the Treasury Department. Mr. Aldridge was informed by letter that the complaint was untimely in August 1994. He replied in a letter that the delay was due to his illness, and that he had spent six months contemplating what to do after discovering his journal. The Treasury Department's Director of Regional Complaints later dismissed the complaint as untimely. Mr. Aldridge appealed to the EEOC, which remanded for a determination of whether he had known, or should have known, of the requirement to file a complaint in a timely manner. After further investigation, the Director of Regional Complaints again dismissed the complaint.

Mr. Aldridge appealed this dismissal to the EEOC in September 1996. The EEOC again reversed the Treasury Department's dismissal and remanded the case for further processing to allow the agency to prove that posters concerning EEOC procedures had been posted at the Wichita office and that Mr. Aldridge had attended meetings where those procedures were discussed. After further proof on these issues, the EEOC affirmed the Treasury Department's dismissal as untimely on August 13, 1998. Mr. Aldridge then filed a complaint in federal district court, which was later dismissed on July 20, 1999. Mr. Aldridge now appeals to this court.

II

This appeal involves the district court's denial of subject matter jurisdiction over Mr. Aldridge's claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. We review the district court's determinations of disputed fact under the "clearly erroneous" standard. See MDPhysicians & Assoc., Inc. v. State Bd. of Ins., 957 F.2d 178, 180-81 (5th Cir. 1992)(citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)). Questions of law we review de novo. See Stults v. Conoco, Inc., 76 F.3d 651, 654 (5th Cir. 1996).

As a precondition to filing suit in federal court, Title VII specifically requires a federal employee claiming discrimination to exhaust his administrative remedies. See Brown v. General Servs. Admin., 425 U.S. 820, 832, 96 S.Ct. 1961, 1965, 48 L.Ed.2d 402 (1976)("Initially, the complainant must seek relief in the agency

3

that has allegedly discriminated against him."). The complainant also must file his complaint in a timely manner. See <u>Tolbert v. United States</u>, 916 F.2d 245, 247 (5th Cir. 1990). A failure to comply with the established time limits in the administrative process is deemed a failure to exhaust administrative remedies. <u>Brown v. General Servs. Admin.</u>, 425 U.S. 820, 824, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Thus, if the claimant fails to comply with either of these requirements then the court is deprived of jurisdiction over the case. See <u>id.</u>

We are deprived of jurisdiction here because Mr. Aldridge did not file his complaint with the EEOC in a timely manner. Until October 1, 1992, EEOC regulations allowed for dismissal if the complainant failed to contact an EEOC Counselor within thirty days of the date of the matter alleged to have been discriminatory. After October 1, 1992, that time limitation was extended to 45 days. Mr. Aldridge resigned from his job in September 1987. He did contact the EEOC, however, for six years, until September 1993. Mr. Aldridge does not dispute these facts.

Instead, he first contends that the time frame should have tolled because of his illness during that six-year period. It is true that under 45 C.F.R. § 1225.9 (1987) <u>recodified</u> <u>at</u> 12 C.F.R. § 268.204(a)(2)(1999), the time limit may be extended when the individual was "prevented by circumstances beyond his or her control from" contacting an EEO Counselor within the time limits. But the complaining party in a Title VII case bears the burden of

4

providing the justification for application of equitable tolling principles. <u>Wilson v. Dep't. of Veterans Affairs</u>, 65 F.3d 402, 404 (5th Cir. 1995); <u>Nowlin v. RTC</u>, 33 F.3d 498, 503 (5th Cir. 1994). And we "have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." <u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); <u>see</u> <u>also</u> <u>Baldwin County Welcome Ctr. v. Brown</u>, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); <u>Pacheco v. Rice</u>, 966 F.2d 904, 906 (5th Cir. 1992) (requiring due diligence to warrant equitable tolling). Mr. Aldridge has not carried his burden of proving such circumstances here. His brief only mentions that he was seriously ill, but does not provide specifics or discuss the nature or gravity of his incapacitation. By itself, this does not establish circumstances warranting tolling. Moreover, even if it were to do so, Mr. Aldridge was apparently no longer incapacitated at the time he found his journal in March 1993, but he still waited six months from that date to file his complaint. Thus, even if his illness had tolled the filing deadline, Mr. Aldridge's complaint would still have been untimely.

Second, Mr. Aldridge argues that he was unaware of the filing deadline, and that the deadline should not therefore apply to him. Again, it is true that the time limit may be extended "when the

5

complainant shows that he or she was not notified of the time limits and was not otherwise aware of them." 45 C.F.R. § 1225.9 (1987) <u>recodified</u> <u>at</u> 12 C.F.R. § 268.204(a)(2)(1999). But in this case, the district court determined that Mr. Aldridge was notified of the time limitations by EEOC posters and meetings (attended by Mr. Aldridge) held at the Wichita office. Mr. Aldridge has presented nothing before this court to suggest that this finding was clearly erroneous.

Thus, because Mr. Aldridge failed to file his complaint with the EEOC in a timely manner, we have no jurisdiction over his claims.

III

For the reasons stated herein, the district court decision is

A F F I R M E D.

6