United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 29, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

————————

No. 02-10398

————————

TOMMY SWANSON; DONALD BRADLEY; OSCAR MORGAN,
III; GARY COLLINS, Reverend; WARREN LEWIS; WILDER
SMITH; CHARLES ELLIS, and others similarly situated,

Plaintiffs - Appellants,

versus

STEPHEN A PERRY, Administrator General Services
Administration,

Defendant - Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 4: 01-CV-258-A

Before HIGGINBOTHAM, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this Title VII employment discrimination action brought by the seven named plaintiffs

("Employees") on behalf of a putative class consisting of themselves and other similarly-situated male,

African-American employees of General Services Administration ("GSA") Region Seven, Employees

---

[*] Pursuant to 5TH CIR. R. 47.5, t he court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal the district court's denial of their motion for class certification and summary-judgment dismissal of their individual claims.

Employees argue that the district court erred in denying their motion for class certification. We review for abuse of discretion a district court's decision concerning whether to certify a proposed class. *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986).

Under Rule 23(a), a class action may be maintained only if the plaintiffs first demonstrate the following:

> (1) the class is so numerous that joinder of all members is impracticable ["numerosity"], (2) there are questions of law or fact common to the class ["commonality"], (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ["typicality"], and (4) the representative parties will fairly and adequately protect the interests of the class ["adequacy of representation"].

FED. R. CIV. P. 23(a). Additionally, where the plaintiffs seek monetary relief under Rule 23(b)(2), the plaintiffs' claims for injunctive and declaratory relief must "predominate" over their claims for monetary relief. *See Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 411-12 (5th Cir. 1998).

The district court correctly determined that Employees failed to carry their burden of showing "commonality" and "typicality." The court also correctly determined that Employees' claims for injunctive and declaratory relief do not predominate over their compensatory damage claims, which require individualized determinations. Because Employees failed to meet the requirements of Rule 23(a) or Rule 23(b), the district court did not abuse its discretion in denying Employees' motion for class certification.

Employees argue that the district court erred in granting summary judgment in favor of GSA on their individual claims, and in dismissing those claims. We review *de novo* a district court's

decision to grant summary judgment. *See Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1121 (5th Cir. 1998).

A federal employee must exhaust his administrative remedies before bringing an employment discrimination suit in federal court. *Hampton v. Internal Revenue Serv.*, 913 F.2d 180, 182 (5th Cir. 1990). For the employee to exhaust his administrative remedies, he must consult an agency counselor and file a formal complaint, both within the required time periods. *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997). The regulations require the aggrieved employee to initiate contact with an EEO counselor within 45 days of the occurrence of the allegedly discriminatory action. *See* 29 C.F.R. § 1614.105(a)(1). Failure to notify the EEO counselor within this time period constitutes a failure to exhaust administrative remedies and acts as a bar to judicial pursuit of those claims. *See Pancheco v. Rice*, 966 F.2d 904, 905 (5th Cir. 1992). The counseling provisions and requirements of § 1614.105 apply to both class and individual actions. *See* 29 C.F.R. § 1614.204.

By a document dated May 6, 1997 (and marked received May 9, 1997), Mr. Swanson filed an administrative class complaint alleging violations of Title VII, naming himself and ten others. The district court accepted May 6, 1997 as the date that Mr. Swanson initiated contact with the EEO counselor.[1] As the district court recognized, that administrative class complaint lacks any allegation that any one of the plaintiffs in the action suffered a discriminatory practice during the 45 days prior to May 6, 1997. Likewise, Employees' formal class complaint, filed with the GSA on December 8, 1997, fails to allege any acts of individual discrimination occurring within the 45-day period prior to

---

[1] According to the EEO counselor's report, the EEO counselor did not receive the case until August 27, 1997. The initial interview was conducted on September 24, 1997.

-3-

May 6, 1997. Thus, even assuming that Employees' class complaint contained individual complaints,[2] Employees cannot show that they initiated contact with an EEO counselor within 45 days of the occurrence of the allegedly discriminatory actions giving rise to their individual claims.[3] Thus, the district court did not err in granting summary judgment in favor of GSA on those claims. *See Pancheco*, 966 F.2d at 905.[4]

For the foregoing reasons, we AFFIRM the district court's decision denying Employees' motion for class certification, granting summary judgment in favor of GSA on Employees' individual claims, and dismissing those claims.

---

[2] Arguably, Employees' individual claims were not actually filed with GSA until after the ALJ rejected the class (i.e., after January 15, 2000).

[3] Employees maintain that Mr. Warren Lewis was fired in March 28, 1997, within the 45-day period prior to May 6, 1997. However, Lewis' official "Notification of Personnel Action" shows that Lewis was removed from federal service on July 14, 1997 – a date outside of the 45-day period. The only evidence Employees provided to show that Lewis was fired on March 28, 1997 is Lewis' own, self-serving affidavit, in which he states that he was fired "on or about" that date.

[4] Contrary to Employees' contention, the district court did not abuse its discretion in denying Employees' Rule 56(f) motion to continue GSA's motion for summary judgment. To get such a continuance, Employees must "specifically explain both why it is currently unable to present evidence creating a genuine issue fact and how a continuance would enable the party to present such evidence." *Liquid Drill, Inc. v. U.S. Turnkey Exploration, Inc.*, 48 F.3d 927, 930 (5th Cir. 1995). The district court correctly concluded that Employees did not meet their burden of demonstrating how the desired discovery would rebut the points raised in GSA's motion for summary judgment.

Employees also argue that GSA is precluded from raising any timeliness issues, since GSA had an obligation to report information on timeliness to the EEOC within thirty days of the GSA's receipt of Employees' complaint. This argument is foreclosed by our decision in *Oaxaca v. Roscoe*, 641 F.2d 386, 390 (5th Cir,. 1981).