**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-2122

PETER L. DUFFY,

Plaintiff, Appellant,

v.

GORDON R. ENGLAND, SECRETARY OF THE NAVY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

Peter L. Duffy on brief pro se.
Michael J. Sullivan, United States Attorney, and Barbara Healy Smith, Assistant U.S. Attorney, on Memorandum in Support of Motion for Summary Disposition.

March 11, 2005

**Per Curiam**.   Peter L. Duffy, pro se, appeals from the district court's dismissal of his complaint brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, on statute of limitations grounds.  We have held that in cases where, as here, an ADEA claimant elects to bypass the administrative process and goes directly to federal court, the applicable limitations period is two years from the date of the allegedly discriminatory act or practice.  Rossiter v. Potter, 357 F.3d 26, 34 (1st Cir. 2004).

Duffy's claims are based on his removal from his position as Department Head and reassignment to a newly-created position which was "meaningless."  He also maintains that he was improperly denied the opportunity to compete for an advertised higher grade-level position.  Duffy asserts that the decision to replace and reassign him was made on June 8, 2000, that defendant "dissuaded" him from applying for the advertised position on June 15, 2000, and that the effective date of his removal, replacement and reassignment was January 7, 2001.  Duffy did not file his complaint until March 1, 2004, well over two years after the acts of which he complains.  However, he argues that his claim did not accrue until December 9, 2003, when he discovered a transcript of an interview conducted years earlier which indicated that age discrimination was the impetus

for the challenged employment decisions.  This argument is unavailing.

"Under federal law the accrual of an employment discrimination claim 'commences when a plaintiff knows, or has reason to know, of the discriminatory act,'" Melendez-Arroyo v. Cutler-Hammer de P.R. Co., 273 F.3d 30, 37 (1st Cir. 2001) (quoting Morris v. Gov't Dev. Bank of Puerto Rico, 27 F.3d 746, 750 (1st Cir. 1994)), not when he or she first learns that the act was based on discriminatory factors or motives. Chapman v. Homco, Inc., 886 F.2d 756, 758 (5th Cir. 1989); see Thelan v. Marc's Big Boy Corp., 64 F.3d 264, 267 (7th Cir. 1995) ("A plaintiff's action accrues when he discovers that he has been injured, not when he determines that the injury was unlawful"); Pacheco v. Rice, 966 F.2d 904, 906 (1st Cir. 1992) (applying same rule in Title VII case).  "[T]he plaintiff need not know all the facts that support his claim in order for countdown to commence."  Morris, 27 F.3d at 750; see Pacheco, 966 F.2d at 907 ("It is to be expected that some relevant facts will come to light after the date of an employee's termination--one purpose of filing an administrative complaint is to uncover them").

Further, although Duffy attempted to argue in the district court that the statute of limitations should be equitably tolled, he appears to have abandoned that argument on appeal and he makes no allegation that defendant affirmatively misled him or took

-3-

any action that lulled him into inaction.  There is therefore no basis for equitable tolling.  <u>See</u> <u>Morris</u>, 27 F.3d at 750 (Equitable tolling requires proof that employee "was unaware of the employer's discriminatory animus" and "that the employer actively misled him, to his detriment").

<u>Affirmed</u>.  <u>See</u> 1st Cir. R. 27(c).