United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 30, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-31118
Summary Calendar

CINDY LAJAN PATTON,

Plaintiff-Appellant,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY
GENERAL; UNITED STATES DEPARTMENT
OF JUSTICE; FEDERAL BUREAU OF
PRISONS; FEDERAL CORRECTIONAL
INSTITUTION OAKDALE,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(2:05-CV-213)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

Cindy Patton filed suit alleging sex discrimination and retaliation in violation of Title VII of

the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 (2000). Specifically, Patton alleges she

was denied the opportunity to work overtime. The district court dismissed the suit for lack of subject

matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because of Patton's failure

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

to timely seek counseling with the Equal Employment Opportunity division. For the following reasons we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Cindy Patton is employed at the Federal Bureau of Prisons ("BOP") at the Federal Correctional Complex at Oakdale, Louisiana, as a Management Analyst. The Oakdale facility includes two separate work sites: the Federal Correctional Institution ("FCI") and the Federal Detention Center ("FDC"). Patton alleges that her employers discriminated against her by depriving her of the opportunity to work overtime. A Master Agreement between management and the American Federation of Government Employees, as well as any local unions, governs the terms and conditions of overtime employment. Pursuant to a June 14, 2001, Memorandum of Understanding between the local union and FCI Oakdale management, employees are permitted to sign up for overtime outside of their consolidated department only at the work site to which they are assigned. Thus, an employee assigned to the FDC is not permitted to work overtime at the FCI.

While working at the FCI on July 24, 2003, Patton was involved in a verbal altercation with a co-worker, Sparkey Wadley. Thereafter, Patton requested an immediate transfer to the FDC to avoid future contact with Wadley because she feared for her safety. In July 2003, a Workplace Violence Committee was ordered to address Patton's allegations. The following month a Threat Assessment Team Meeting was held. The Team concluded that the incident did not pose any serious future danger because the parties had apologized and indicated that they could work together, but the Team nevertheless determined that physical contact between Patton and Wadley should be avoided as much as possible. Accordingly, Patton was informed that she would be reassigned to the Health Services Department at the FDC until further notice and pending an additional investigation.

2

Shortly after this incident, another Memorandum of Understanding was issued between the local union and management including the same overtime limitations as the 2001 memorandum.

Administrative Lieutenant Joseph Higgerson averred that, in late 2003, the vice president of the union informed him that Patton had been allowed to work overtime at FCI while reassigned to FDC, in violation of the Memorandum of Understanding. Therefore, Higgerson removed Patton's name from the FCI overtime roster. In December 2003, Patton complained that she was denied the opportunity to work overtime at the FCI. She asked Higgerson why she had been removed from the overtime list and he informed her that someone from the union had brought to his attention that allowing her to work overtime at the FCI violated the Memorandum of Understanding. She then contacted the president of the union who informed her that he had discovered that she had been allowed to work overtime at the FCI in violation of the negotiated overtime procedures and had, in turn, reported his concerns to Higgerson. Patton then filed an Unfair Labor Practice charge against the local union alleging that she had been discriminated against because she did not have union membership.

In February 2004, at the conclusion of the investigation into the incident between Patton and Wadley, both parties were informed that no action would be taken against them. Patton was then permitted to returned to the FCI and Higgerson restored her access to the FCI overtime program. Patton does not dispute that she was permitted to work overtime at the FDC during the temporary transfer, but elected not to do so.

Patton sought counseling with an Equal Employment Opportunity("EEO") counselor on March 9, 2004. A month later, she completed a "Request for EEO Counseling" form in which she alleged that she had been discriminated against based on race, sex, and in reprisal for filing a

workplace violence complaint when she was not permitted to work overtime. In July 2004, Patton filed her formal Complaint of Discrimination. On August 9, 2004 the EEO office asked Patton why she had failed to request an EEO counselor within forty-five days of the alleged discrimination. Patton responded that she was trying to resolve the matter with her supervisors. On November 17, 2004, Patton's administrative complaint was dismissed as untimely by the EEO office in the Department of Justice. Patton filed the instant suit on February 15, 2005.

The defendants filed a motion to dismiss or, in the alternative, summary judgment. The district court concluded that Patton's failure to timely seek EEO counseling barred her from pursuing her claims in federal court; accordingly, the court granted the defendant's motion to dismiss for lack of subject matter jurisdiction. This appeal followed.

## II. DISCUSSION

### A. Standard of Review

We review a district court's dismissal for failure to exhaust administrative remedies pursuant to Rule 12(b)(1) de novo. *See Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). We also review the district court's determination on the applicability of equitable tolling de novo. *See Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002). *But see Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (reviewing the district court's decision not to exercise equitable tolling for abuse of discretion).

### B. Administrative Exhaustion

Title VII prohibits an employer from making an adverse employment decision that is motivated in part by discrimination on the basis of sex, race, color, religion, or national origin. 42 U.S.C. § 2000e-2(a)(1); *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 333 (5th Cir. 2005).

4

Title VII further prohibits retaliation by an employer against an employee who has filed a charge of discrimination. 42 U.S.C. § 2000e-3(a); *Bryant v. Compass Group USA Inc.*, 413 F.3d 471, 475 (5th Cir. 2005). Prior to seeking judicial relief, an employee must exhaust her administrative remedies by filing a charge of discrimination with the EEO division of her agency. *Pacheco v. Mineta*, 448 F.3d at 788. Federal regulations require an employee who believes she has been discriminated against to consult an EEO counselor within forty-five days of the date of the alleged discriminatory personnel action. 29 C. F. R. § 1614.105(a)(1); *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002).

Patton does not dispute that she failed to consult an EEO counselor within forty-five days of learning that she had been removed from the overtime roster; she contends that the doctrine of equitable tolling should apply because she was misled by management. We disagree. We have held that "the time limit established by this regulation is subject to the traditional equitable defenses of waiver, estoppel, and equitable tolling." *Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992). Nevertheless, there is some dispute in this circuit regarding whether exhaustion is a prerequisite subject to equitable doctrines, or whether it implicates subject matter jurisdiction. *See Pacheco v. Mineta*, 448 F.3d at 788 n.7. *Compare Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990) (holding that a plaintiff's failure to exhaust his administrative remedies "wholly deprives the district court of jurisdiction over the case") *with Young v. City of Houston, Tex.*, 906 F.2d 177, 180 (5th Cir. 1990) ("A failure of the EEOC prerequisite does not rob a court of jurisdiction."). Because Patton's equitable tolling argument fails, we need not resolve this disagreement.

We have recognized three grounds for equitable tolling: "(1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the

5

plaintiff about his rights." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003). Patton relies on the first two grounds in support of her argument that the doctrine of equitable tolling applies.

First, she asserts that she filed the complaint in the wrong forum because as soon as she learned that she had been removed from the overtime roster she filed an Unfair Labor practice complaint against the union. Patton did not simply file her claim in the wrong forum, she failed to file a complaint against her employer. *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1302 -03 (5th Cir. 1979) ("[T]he Supreme Court has upheld the tolling of the time period during the pendency of an action before a state court which had jurisdiction over the subject matter of the suit, but which was the wrong forum under state law, reasoning that the policy of repose inherent in the timely filing requirement was satisfied since the initial state court action was filed against the same parties served in the federal suit and alleged an identical cause of action." (citing *Int'l Union of Elec. Workers v. Robbins & Myers*, 429 U.S. 229, 238 (1976)). Accordingly, Patton's filing a complaint against the union is not grounds for equitable tolling.

Second, Patton contends that management intentionally misled her into believing that the union was solely responsible for the removal of her name from the overtime roster. Patton maintains that on December 4, 2003, Higgerson told her that the union was responsible for her being denied overtime work. She explains that when she questioned the union, she was informed that the union and management had a memo of understanding regarding overtime and someone had complained about her working overtime. She then asked the associate warden if he knew she was denied overtime work and he said that he did not. She asserts that on February 4, 2004, she met with the warden, who assured her that the dispute could be resolved amicably. She contends that this is when she first

6

learned that management and the union were acting in concert to deny her the opportunity to work overtime.

Patton has failed to explain how management intentionally misled her. As the district court found, Patton does not dispute that Higgerson removed her from the overtime list after the union informed him that allowing her to work overtime violated the Memorandum of Understanding. Thus, although she was told that her name was removed at the union's urging, she was aware that it was management that removed her name. EEOC regulations provide that "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). Patton learned she had been removed from the overtime roster on December 4, 2003. That she did not suspect a discriminatory motive on the part of management until February 4, 2004, is irrelevant; she knew that she had been removed and she knew that Higgerson had removed her name. *See Pacheco v. Rice*, 966 F.2d at 906 ("Notification within thirty days of the time a plaintiff apprehends that an adverse employment decision was motivated by a discriminatory purpose is not sufficient. . . . To allow plaintiffs to raise employment discrimination claims whenever they begin to suspect that their employers had illicit motives would effectively eviscerate the time limits prescribed for filing such complaints." (citations omitted)). Consequently, Patton is not entitled to equitable tolling on this ground. Because we conclude that the district court correctly held that Patton failed to exhaust her administrative remedies and that the grounds for equitable tolling are inapplicable, we affirm the district court's dismissal of Patton's claims.

## III. CONCLUSION

For the foregoing reasons we AFFIRM the judgment of the district court.