# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30925
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2016

Lyle W. Cayce
Clerk

KEITH SMITH,

Plaintiff–Appellant,

versus

JEH CHARLES JOHNSON, Secretary, Department of Homeland Security;
FEDERAL EMERGENCY MANAGEMENT AGENCY,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-916

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:*

Keith Smith appeals a summary judgment in this discrimination case against his employer, the Federal Emergency Management Agency ("FEMA"). Finding no error, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30925

In his original complaint, Smith, who is black, asserted ten Title VII claims of race discrimination. In response to FEMA's motion for summary judgment, Smith explicitly abandoned six of the claims (and argued the remaining four), referred to as Claims 1, 4, 7, and 8. (A Whistleblower Protection Act claim was dismissed and is not at issue.) In a thorough and convincing 25-page Order and Reasons, the district court (per the magistrate judge, sitting by consent) granted summary judgment.

In Claim 1, Smith alleges that, in early January 2008, he was not interviewed or selected for a Project Manager position in the FEMA Acquisition Program Management Office despite being qualified for the position. The district court granted summary judgment on Claim 1 for lack of jurisdiction. A federal employee's failure to seek informal counseling within 45 days of an adverse employment event bars him from pursuing the claim. *Teemac v. Henderson*, 298 F.3d 452, 454 (5th Cir. 2002); 29 C.F.R. § 1614.105(a). The 45 days run from the date he knows that an adverse employment action occurred, *not* from when he first perceives discriminatory animus. *Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992).

The court noted that Smith necessarily knew that he had not been selected for the position as of January 6, 2008, when he was hired for and began working in a different job in the same office and was introduced to the three persons who *were* hired to be Project Managers. Smith did not initiate informal counseling until more than a year later, on March 31, 2009. He contends that, because he did not learn until February 2009 that FEMA had determined that he was qualified for the job but still did not hire him, the clock did not begin until February 2009.

Smith's theory is foreclosed by *Pacheco*. The court correctly decided that he failed to contact the EEOC timely, so his claim was jurisdictionally barred.

2

Claim 4 alleges that, in February 2009, Smith was denied a promotion from GS-13 to GS-14 (and a concomitant raise) even though his manager promised he would receive the promotion after he attained a certain job certification. The district court granted summary judgment on the basis of untimeliness. The court determined that Smith's promotion request was denied on February 9, 2009. As already noted, Smith did not contact the EEOC for informal counseling until March 31, 2009—fifty days thereafter. The court therefore held the claim untimely. Smith does not argue to the contrary in his appellate brief, so we will not disturb the ruling.

Claim 7 alleges that, in the course of a FEMA "right-sizing" initiative, Smith was laid off but a similarly situated white employee was not. Even assuming that Smith made out a *prima facie* case of discrimination or retaliation, FEMA articulated a legitimate business reason for firing him, and he did not show that that reason was pretextual. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Smith was laid off alongside about a thousand other employees in the course of a major reorganization. His position was specifically identified for layoffs in the relevant agency directives. We agree with the district court that Smith did not show that FEMA's proffered neutral reason was a pretext for discrimination.

Claim 8 alleges that after the layoffs, a different FEMA office unfairly refused to hire Smith at a certain pay grade and instead would hire him only at a lower pay grade. The district court determined that summary judgment was appropriate because uncontroverted evidence demonstrated that Smith was not qualified for the higher pay grade and therefore could not make out a prima facie case of discrimination. *See Burdine*, 450 U.S. at 253. The pay grades in the relevant FEMA office were tied to the number of deployments to FEMA disaster sites an individual had served; Smith had never been deployed

No. 15-30925

to a disaster site.  He urged that his previous service in FEMA jobs was the substantial equivalent of the requisite number of disaster deployments, but he provided no evidence of that equivalence (and conceded that the job qualifications turned strictly on the number of deployments).  The district court's analysis was correct.

Smith's brief on appeal also makes various arguments about the claims that he abandoned in the district court.  We do not consider any of them.  On the first page of his opposition to summary judgment, Smith explicitly abandoned all claims save for those just discussed.   He cannot revive them now. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 n.1 (5th Cir. 1994) (en banc) (per curiam) (stating that the court would not consider arguments not presented to the district court).

The summary judgment is AFFIRMED.