# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 9, 2023

Lyle W. Cayce
Clerk

No. 22-50411

Arturo S. Lopez, Sr.,

*Plaintiff—Appellant*,

*versus*

Frank Kendall, III, *Secretary of the Air Force*; Mary D. Garcia, *Human Resource Specialist, Employee Relations Labor, Laughlin Air Force Base*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-646

Before Clement, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Arturo S. Lopez, Sr., brought retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, against the Secretary of the Air Force and Mary Garcia, an Air Force Human Resources Specialist. Lopez's civil complaint alleges that Garcia retaliated against him for engaging in protected activity in violation of Title VII. The

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

only relevant document attached to the pleading is a memorandum sent by the Air Force to Lopez informing him that he could file a federal suit because an investigation into his Equal Employment Opportunity ("EEO") complaint had not been completed within 180 days.

The defendants moved to dismiss Lopez's civil complaint under Federal Rule of Civil Procedure 12(b)(6) on administrative exhaustion grounds. The defendants attached Lopez's EEO complaint to their motion to dismiss. That document states that Garcia "discriminated against [Lopez] on May 14, 2020[,] when [Lopez] was made aware through [an] e[-]mail that [he] received [from] the . . . Merit Systems [P]rotection [B]oard" that Garcia "intentionally and maliciously made and falsified entries" on his records. The defendants also attached an EEO counselor's report to support a time-based affirmative defense that Lopez did not contact an EEO counselor until August 6, 2020, which was past the statutorily required period for reporting his claim. *See* 29 C.F.R. § 1614.105(a)(1) (45-day requirement for reporting). Neither the EEO report nor the alleged facts on which defendants based their affirmative defense were expressly referenced in Lopez's civil complaint or contained in the documents attached thereto.

Relying on the EEO complaint and EEO counselor's report, the magistrate judge recommended that the district court dismiss Lopez's civil complaint because Lopez failed timely to contact an EEO counselor before filing suit. *See id.* The district court adopted the recommendation and dismissed Lopez's claims. Lopez now appeals. Because we conclude that the district court misapplied the Rule 12(b)(6) standard, we reverse and remand.

Our review is de novo. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). And, like the district court, our consideration is "limited to the complaint, any documents attached to the complaint, and any documents

attached to the motion to dismiss that are central to the claim *and referenced by the complaint*." *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (emphasis added); *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (defendants may attach documents to a motion to dismiss to "assist[] the plaintiff in establishing the basis of the suit" if the documents "are referred to in the plaintiff's complaint and are central to [his] claim").

Because it is a mandatory claims processing rule, not a jurisdictional requirement, failure to exhaust administrative remedies under Title VII is an affirmative defense. *See Ft. Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1850–51 (2019). "[D]ismissal under [R]ule 12(b)(6) may be appropriate based on a successful affirmative defense," when the defense "appear[s] on the face of the complaint." *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank*, 467 F.3d 466, 470 (5th Cir. 2006); *see also Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 571 (5th Cir. 2021) ("[T]he [affirmative] defense is abundantly clear on the face of the pleadings, which incorporate and repeatedly refer to the state court litigation. Therefore, it was properly considered here at the motion to dismiss stage.").

To exhaust his administrative remedies prior to bringing a Title VII action in federal court, Lopez was required to "initiate contact with [an EEO] [c]ounselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). Indeed, "[f]ailure to notify the EEO counselor in a timely fashion may bar a claim" unless the claimant successfully asserts "a defense of waiver, estoppel, or equitable tolling." *Pacheco v. Rice*, 966 F.2d 904, 905 (5th Cir. 1992). Relevant here, the 45-day time limit is extended when the claimant "shows that . . . he or she did not know and reasonably should not have [] known that the discriminatory matter or personnel action occurred." 29 C.F.R. § 1614.105(a)(2). The district court dismissed Lopez's claims because he failed timely to exhaust his

administrative remedies, i.e., his "EEO counseling exceed[ed] the 45-day deadline required by statute[.]"

But in dismissing Lopez's claims, the district court relied on documents, the EEO complaint and the EEO counselor's report, that were not attached to or explicitly referenced by the civil complaint. *See Lone Star Fund V*, 594 F.3d at 387.[1] Relying on those documents, the district court concluded that Lopez had access to information about the alleged retaliation on May 14, 2020, yet failed to contact an EEO counselor until August 6, 2020, well more than 45 days later. Neither Lopez's civil complaint nor the Air Force memorandum attached to it mention the August 6 EEO contact. And even assuming that Lopez's EEO complaint was appropriately considered in deciding the defendants' motion to dismiss, that document does not refer to an August 6 contact, either. The EEO complaint merely includes a checkmark indicating that Lopez "discussed [his] complaint with an [EEO] counselor." Therefore, the district court appears to have plucked August 6 as Lopez's initial EEO contact solely from the EEO counselor's report, which was not attached to or referenced in Lopez's civil complaint or the documents attached to it.

The district court thus improperly relied upon the EEO counselor's report in determining that the defendants' administrative exhaustion defense appeared "on the face of the complaint." *EPCO Carbon Dioxide Prods.*, 467

---

[1] It is at least arguable that the EEO complaint is "referenced by the complaint" and by the Air Force memorandum attached to it, *Lone Star Fund V*, 594 F.3d at 387, and it is certainly central to Lopez's civil complaint, as Garcia's alleged discrimination is the subject of both the EEO complaint and this action. But our decision does not turn on the EEO complaint. To glean both the initial date Lopez purportedly had knowledge of the alleged discrimination and the date of his initial EEO contact, the district court could not rely upon Lopez's EEO complaint alone.

No. 22-50411

F.3d at 470; *cf. Lone Star Fund V*, 594 F.3d at 387.  Doing so ran afoul of the Rule 12(b)(6) standard, such that dismissal on the pleadings was premature.

Accordingly, the judgment of the district court is REVERSED, and the case is REMANDED for further proceedings.