Charles F. CHAPMAN,
Plaintiff–Appellant,

v.

HOMCO, INC., Defendant–Appellee.

No. 89–1055.

United States Court of Appeals,
Fifth Circuit.

Oct. 23, 1989.

Frank P. Hernandez, Noemi A. Collie, Dallas, Tex., for plaintiff-appellant.

Robert E. Luxen, David T. Fenton, Gardere & Wynne, Dallas, Tex., for defendant-appellee.

Before JOHNSON, WILLIAMS, and GARWOOD, Circuit Judges.

PER CURIAM:

Charles Chapman appeals from the summary judgment dismissal of his age discrimination suit. 708 F.Supp. 787. Because we conclude that the district court correctly determined that the complaint was time-barred, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Homco, a company engaged in the manufacture of finished wood products, hired Chapman as a group leader in 1973 at the age of forty-three. Prior to his employment with Homco, Chapman had no manufacturing experience. In 1981, Chapman was promoted from group leader to supervisor. Ronald Kinney, Homco's Vice–President in Charge of Operations, became Chapman's immediate supervisor and the individual who was responsible for evaluating Chapman's performance. According to Homco's evidence in support of its motion for summary judgment, Kinney expressed reservations about Chapman's abilities to serve in a supervisory capacity. In fact, Kinney tried unsuccessfully to bring in a supervisor from Syroco, Inc., then Homco's parent corporation. Kinney Affidavit at 2.

Kinney's hesitation about Chapman's supervisory skills stemmed from Chapman's on the job behavior. Chapman admitted that he "cut up" at work. Specifically, Homco has pointed out that Chapman was known to engage in water pistol fights, to throw confetti eggs, and to walk through the workplace with a bra worn over his clothes. Chapman also tended to favor some employees over others. The employee absenteeism rate was the highest in Chapman's department.

Additionally, in 1979 or 1980, Chapman began a romantic relationship with Cathy Prince, another employee, who was under Chapman's supervision after his promotion. Kinney spoke to Chapman about the ramifications of supervising a woman with whom Chapman was romantically involved. After Prince and another female employee had an argument, Chapman asked Kinney not to discipline Prince. Kinney ultimately concluded that a mistake had been made in promoting Chapman. Kinney spoke with Chapman, and expected him to resign. When Chapman did not do so, Kinney discharged him.

Chapman alleges that he was terminated on January 11, 1986, without any warning. He asserts that he realized that the termination was motivated by discriminatory factors two weeks later when he became aware that his replacement was a much younger man. On October 16, 1986, Chapman filed a complaint with the EEOC. After receiving a right-to-sue letter, Chapman filed this complaint on January 13, 1988.

There is no dispute that January 11, 1986, is the date of the termination as well as the date of the last alleged discriminatory event. Based on this fact, the district court granted Homco's motion for summary judgment on the ground that the claim was time-barred. Alternatively, the district court concluded that Chapman had failed to allege facts sufficient to establish the existence of an essential element of his claim. Because we conclude that the district court's dismissal on prescription grounds was proper, this Court need not address the alternative ground.

## II. DISCUSSION

The Age Discrimination in Employment Act, 29 U.S.C. § 626(e)(1), adopts the statute of limitations set out in the Portal-to-

Portal Pay Act.[1] Consequently, a two-year statute of limitations applies to the instant case.[2]

It is undisputed that Chapman was terminated on January 11, 1986. It is also undisputed that Chapman filed his complaint on January 13, 1988, more than two years after the date that Chapman was notified of his discharge. Even so, Chapman argues that his claim is not time-barred. Rather, he contends that he was not aware that the termination was based on discriminatory factors until several weeks after the termination. Consequently, Chapman urges this Court to conclude that the cause of action accrued at the time of his discovery rather than at the time of discharge.

Chapman's argument is not convincing. The limitations period applicable to an action brought under the ADEA begins to run at the time that the alleged unlawful discriminatory act occurred and the plaintiff was so notified. When a plaintiff alleges an unlawful discharge, the statute of limitations begins to run when the plaintiff is notified that his employment is terminated. *Delaware State College v. Ricks*, 449 U.S. 250, 257–59, 101 S.Ct. 498, 503–05, 66 L.Ed.2d 431 (1981).[3] In this case, that date is January 11, 1986.

Chapman asserts that, though he knew he was discharged on January 11, he did not understand that his discharge had been discriminatory until sometime after that date. He argues that the statute of limitations period must be tolled until the date of discovery. Chapman bases this tolling argument on the Ninth Circuit's opinion in *Aronsen v. Crown Zellerbach*, 662 F.2d 584 (9th Cir.1981). In that case, as Homco correctly notes, the summary judgment was reversed because a fact question existed as to when the plaintiff was informed of his discharge. In the instant case, no such fact issue remains open.

This Court's opinion in *Merrill v. Southern Methodist University*, 806 F.2d 600 (5th Cir.1986), supports the conclusion that tolling is inapplicable under the facts of this case. In *Merrill*, this Court rejected the plaintiff's argument that the statute of limitation in a Title VII case should not begin to run until the date of discovery of the alleged discriminatory practices. We conclude that the reasoning behind *Merrill* is sufficiently analogous to the instant case to support the conclusion that tolling is inappropriate.

## III. CONCLUSION

The district court did not err in concluding that Chapman's claim was time-barred. Because dismissal was proper on that ground alone, we do not address the alternative ground for dismissal. The judgment of the district court must be affirmed.

AFFIRMED.

---

1. 29 U.S.C. § 255. This section provides that an action "shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."

2. Chapman does not allege a willful violation of the Act.

3. Although *Ricks* involved a claim brought under Title VII, this Circuit has concluded that the Supreme Court's analysis of the limitations question applies to ADEA actions as well. *See, e.g., Clark v. Resistoflex Co.*, 854 F.2d 762 (5th Cir.1988).