**Dan WINKEL, Plaintiff,**

v.

**RESERVE OFFICER OF CITY OF BE-LOIT, KANSAS, and Deputy Sheriff of Mitchell County, Kansas, Jon A. Peffly, as an individual and in his official capacity as a Deputy Sheriff and/or agent of Mitchell County, Kansas; Officer Larry Batt of the City of Beloit, Kansas, as an individual and in his official capacity as a Deputy Sheriff and/or agent of Mitchell County, Kansas; Sheriff of Mitchell County, Kansas, Douglas Daugherty, as an individual and in his official capacity; and the Board of County Commissioners of Mitchell County, Kansas, Defendants.**

No. 89–4268–R.

United States District Court,
D. Kansas.

Sept. 23, 1991.

**1488**

Lee R. Barnett, Wakarusa, Kan., for plaintiff.

James S. Pigg, Fisher, Patterson, Sayler & Smith, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This action is brought under 42 U.S.C. § 1983 and state tort law theories. Cross-motions for summary judgment are pending. After carefully reviewing the pleadings of the parties, the court shall grant defendants' motion for summary judgment as to plaintiff's federal law claims and deny plaintiff's motion for partial summary judgment.

Under FED.R.CIV.P. 56, summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, it is the court's obligation to view the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish that there is a genuine issue for trial about an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact. *Id.* at 323, 106 S.Ct. at 2552–53. However, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* The nonmoving party is then required to go beyond the pleadings and by affida-

vits, depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id.*

■ A party opposing a properly supported motion for summary judgment cannot simply rest on allegations and denials in his pleading to get to a jury without any significant probative evidence tending to support the complaint. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 249, 106 S.Ct. at 2510–11. A mere scintilla of evidence in favor of the nonmoving party is insufficient to create a genuine issue of material fact and to avoid summary judgment. *Id.* at 252, 106 S.Ct. at 2512. "In essence … the inquiry … is … whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided [or so lacking] that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2512; see also, *Celotex Corp. v. Catrett, supra,* 477 U.S. at 325, 106 S.Ct. at 2553–54.

The facts material to the court's decision in this case are not in dispute. On February 25, 1987, Jon Peffly, who was 19 years of age, entered plaintiff's tavern in Mitchell County, Kansas. Peffly was a reserve police officer for the City of Beloit, Kansas and a reserve officer for the Sheriff's Department of Mitchell County, Kansas. He entered the tavern as part of an investigation relating to the sale of cereal malt and alcoholic beverages to underage individuals. However, there had been no reports of such sales occurring in plaintiff's bar and there was no "probable cause" to believe plaintiff was selling beer to underage persons. Peffly did not have a warrant to search plaintiff's tavern; nor did he wear a uniform or otherwise identify himself as a law enforcement officer. He ordered a six-pack of 3.2 beer. Plaintiff asked Peffly twice if he were old enough to buy beer. Peffly nodded his head each time. But,

Peffly was below the legal age to purchase the beer. Plaintiff did not ask for identification from Peffly and sold Peffly the beer. Plaintiff learned he was being charged with illegal sale of cereal malt beverages about two weeks after February 25, 1987 when he was served with a citation. Plaintiff was eventually tried and acquitted of this charge in December 1988. This case was filed on December 20, 1989.

Plaintiff "posits his case largely on a Fourth Amendment violation involving the warrantless search of his property, and the negligence of the defendants in illegally certifying and training a law enforcement officer." See Docket # 50, "Reply to Defendants' Motion for Summary Judgment."

■ We believe summary judgment against plaintiff's Fourth Amendment claim, as asserted under § 1983, is warranted for two reasons. First, we believe plaintiff's federal claims are barred by the statute of limitations. The relevant limitations period is two years. *Newcomb v. Ingle,* 827 F.2d 675, 679 (10th Cir.1987). The limitations period begins to run when plaintiff knows or should know of the injury which is the basis of the action. *Id.;* see also, *Hamilton v. First Source Bank,* 895 F.2d 159, 163 (4th Cir.1990); *Chapman v. Homco, Inc.,* 886 F.2d 756, 758 (5th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 1784, 108 L.Ed.2d 785 (1990); *Miller v. I.T. & T. Corp.,* 755 F.2d 20, 24 (2d Cir.) *cert. denied,* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985). Here plaintiff was aware or should have been aware long before December 1987, or two years before filing this lawsuit, that: Peffly was a law enforcement officer; he had entered plaintiff's tavern without a warrant; he misled plaintiff as to his age; and he made the beer purchase which led to the charges against plaintiff. This is the information which appears important to plaintiff's Fourth Amendment argument. When plaintiff became aware of this information or should have been aware of this information, the limitations period began to run. The limitations period expired before plaintiff filed his claim charging a violation of the Fourth Amendment's search and sei-

zure provisions. Therefore, defendants are entitled to summary judgment.

■ Another reason exists for granting summary judgment to defendants. Plaintiff cannot prove that his Fourth Amendment rights were violated. We agree with defendants' contention that a search did not occur in this case or, if one did, it did not violate plaintiff's constitutional rights.

We believe this case is similar to *Maryland v. Macon*, 472 U.S. 463, 105 S.Ct. 2778, 86 L.Ed.2d 370 (1985). There, a county detective, who was not in uniform, entered an adult bookstore, browsed for several minutes, and purchased two magazines with a marked $50 bill. The detective then left the store and showed the magazines to fellow officers who were waiting nearby. The officers concluded the magazines were obscene and returned to the store, arrested the salesclerk, and retrieved the marked $50 bill. The issue before the Supreme Court was whether the magazines should have been suppressed from the evidence as obtained by means of an unreasonable search or seizure, or the fruits of an unlawful arrest. The Court acknowledged that the First Amendment imposes "special constraints" on searches and seizures. 472 U.S. at 468, 105 S.Ct. at 2781. But, in spite of these constraints, which are inapplicable to our facts, the Court could find no illegal search or seizure.

A search occurs when "an expectation of privacy that society is prepared to consider reasonable is infringed." *United States v. Jacobsen*, 466 U.S. 109, 113 [104 S.Ct. 1652, 1656, 80 L.Ed.2d 85] (1984). Here, respondent did not have any reasonable expectation of privacy in areas of the store where the public was invited to enter and to transact business. Cf. *United States v. Knotts*, 460 U.S. 276, 281–282 [103 S.Ct. 1081, 1085–1086, 75 L.Ed.2d 55] (1983). The mere expectation that the possibly illegal nature of a product will not come to the attention of the authorities, whether because a customer will not complain or because undercover officers will not transact business with the store, is not one that society is prepared to recognize as reasonable.

Cf. *United States v. Jacobsen, ·supra*, [466 U.S.] at 122–123, n. 22 [104 S.Ct. at 1661 n. 22]. The officer's action in entering the bookstore and examining the wares that were intentionally exposed to all who frequent the place of business did not infringe a legitimate expectation of privacy and hence did not constitute a search within the meaning of the Fourth Amendment. See *Katz v. United States*, 389 U.S. 347, 351 [88 S.Ct. 507, 511, 19 L.Ed.2d 576] (1967) ("What a person knowingly exposes to the public ... is not a subject of Fourth Amendment protection").

Nor was the subsequent purchase a seizure within the meaning of the Fourth Amendment. A seizure occurs when "there is some meaningful interference with an individual's possessory interests" in the property seized. *United States v. Jacobsen, supra*, [466 U.S.] at 113 [104 S.Ct. at 1656]. Here, respondent voluntarily transferred any possessory interest he may have had in the magazines to the purchaser upon the receipt of the funds. Cf. *Lewis v. United States*, 385 U.S. 206, 210 [87 S.Ct. 424, 427, 17 L.Ed.2d 312] (1966). Thereafter, whatever possessory interest the seller had was in the funds, not the magazines. At the time of the sale the officer did not "interfere" with any interest of the seller; he took only that which was intended as a necessary part of the exchange. See *id.*, at 211 [87 S.Ct. at 427–28].

472 U.S. at 469, 105 S.Ct. at 2782.

Plaintiff has not identified a reasonable expectation of privacy which was infringed in this case. He operated a public tavern. Peffly acted like any other customer in the tavern. Plaintiff had no reasonable expectation that a police officer or undercover officer would avoid his premises. Perhaps plaintiff did not expect an underage officer to purchase beer at plaintiff's tavern or to misrepresent his age. But, this did not impinge on plaintiff's privacy. It had no effect upon the security of plaintiff's person, house, papers and effects. It did not elicit information from plaintiff which plaintiff wished to keep secret. In sum, there was no "search" because there was

no impingement upon a reasonable expectation of privacy; nor was the security of plaintiff or of plaintiff's property disturbed.

Plaintiff has voluntarily withdrawn any due process claim he has made. The above-described arguments remove any other claim under federal law in this case. The court declines to exercise jurisdiction over plaintiff's state law claims any further. See *Olive Can Co., Inc. v. Martin*, 906 F.2d 1147 (7th Cir.1990) (normal course of action where district court disposes of federal claims before trial is to dismiss pending claims).

In conclusion, the court shall deny plaintiff's motion for partial summary judgment upon plaintiff's federal law claims. The court shall grant defendants' motion for summary judgment against plaintiff's federal law claims. Plaintiff's state law claims are ordered dismissed without prejudice.

IT IS SO ORDERED.