Ramasamy **ODAIYAPPA**

v.

**BOARD OF SUPERVISORS
OF LOUISIANA STATE
UNIVERSITY.**

Civil Action No. 95–3934.

United States District Court,
E.D. Louisiana.

May 20, 1996.

John Courtney Wilson, J. Courtney Wilson, New Orleans, LA, for plaintiff.

Amelia Williams Koch, Phyllis Guin Cancienne, Locke, Purnell, Rain & Harrell PC, New Orleans, LA, for defendant.

### *ORDER AND REASONS*

FALLON, District Judge.

Before the court is the defendant's Motion for Summary Judgment. For the following reasons, the motion is GRANTED.

**I.** *BACKGROUND:* The facts in this matter are not disputed. The University of New Orleans ("UNO") hired plaintiff, Ramasamy Odaiyappa, Ph.D., in August 1988, as an untenured assistant accounting professor. With the plaintiff's initial three-year contract due to expire in May 1991, the tenured accounting faculty met in late 1990 to consider plaintiff's reappointment. The faculty recommended that plaintiff be reappointed for a one-year "terminal appointment," which was, in effect, a termination, with the one-year appointment given to satisfy the university's one-year notice requirement. On December

7, 1990, the chairman of UNO's accounting department gave plaintiff written notice that his contract would not be renewed and that the 1991–92 academic year would be his terminal appointment. In October 1991, plaintiff asked UNO to reconsider its decision to terminate his appointment, which request was denied.

On January 23, 1992, plaintiff filed a formal grievance with the dean of the business college, protesting the chairman's decision not to renew his contract. On January 31, 1992, the dean informed plaintiff in writing that he could find no basis for overturning the chairman's decision. Plaintiff appealed the dean's decision to the provost and vice chancellor of academic affairs, who likewise denied the grievance on February 11, 1992.

On March 26, 1992, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on color, national origin, and age regarding salary as well as UNO's decision not to renew his contract. On April 7, 1992, UNO gave plaintiff written notice that, pursuant to Item 4.18 of the University Grievance Procedure, it was "no longer proceeding with [plaintiff's] grievance." *See* Defendant's Exhibit E. Item 4.18, which is printed on page 67 of the UNO faculty handbook, provides that if, while the grievance procedure is in progress, a faculty member seeks administrative or judicial resolution of the matter outside UNO, "the University shall have no obligation to entertain or proceed further with the matter pursuant to this grievance procedure, except as required by law or judicial order." *See* Defendant's Exhibit F.

On December 4, 1992, plaintiff filed suit against UNO in this Court, alleging age discrimination. The EEOC consequently dropped its investigation of plaintiff's age claims, but continued to investigate plaintiff's claims of national origin and color discrimination. On December 31, 1992, the EEOC issued its decision on these claims, finding no basis to support plaintiff's national origin and color discrimination claims.

On December 10, 1993, the District Court granted summary judgment in favor of the defendants, finding that plaintiff's age discrimination discharge claim was time-barred. On February 2, 1994, plaintiff voluntarily dismissed with prejudice his claims for discriminatory pay, retaliation, and emotional distress. On July 25, 1994, the Fifth Circuit affirmed the dismissal of plaintiff's discharge claim as time-barred.

On August 17, 1994, plaintiff's counsel wrote to the dean of UNO's college of business, requesting that "the grievance be reinstituted." *See* Defendant's Exhibit N. Counsel for UNO responded on August 25, 1994, informing plaintiff that it would not "reconsider its April 7, 1992 decision to permanently discontinue Dr. Odaiyappa's grievance." *See* Defendant's Exhibit O. On December 30, 1994, plaintiff filed an EEOC charge, alleging that UNO's refusal to reopen his grievance violated the anti-retaliatory provisions of Title VII and the Age Discrimination in Employment Act of 1967 ("ADEA"). On September 13, 1995, the EEOC issued plaintiff a right to sue letter, informing him that the EEOC was unable to conclude that any statute had been violated. Plaintiff filed this action on November 28, 1995, alleging that UNO's refusal to reinstitute his grievance amounted to impermissible retaliation under the ADEA. Plaintiff seeks an order compelling UNO to re-open his grievance.

**II.  *ANALYSIS:*** Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56.

Defendant argues that plaintiff's claim must be dismissed for several reasons: 1) plaintiff's claim is time-barred; 2) plaintiff's claim is barred by res judicata; and 3) plaintiff can produce no evidence of a discriminatory motive. The Court need not address the latter two proffered grounds for dismissal, for the Court agrees with defendant that plaintiff's claim is time-barred.

An employee may not commence a civil action under the ADEA until 60 days after he has filed a charge with the EEOC alleging unlawful discrimination. 29 U.S.C.

§ 626(d). Because the 300–day filing period does not apply in Louisiana, plaintiff was required to "file such a charge within 180 days of the alleged discriminatory act." *Rhodes v. Guiberson Oil Tools Division,* 927 F.2d 876, 878 (5th Cir.), *cert. denied,* 502 U.S. 868, 112 S.Ct. 198, 116 L.Ed.2d 158 (1991); 29 U.S.C. § 626(d)(1). "The limitations period applicable to an action brought under the ADEA begins to run at the time that the alleged discriminatory act occurred and the plaintiff was so notified." *Chapman v. Homco, Inc.,* 886 F.2d 756, 758 (5th Cir.1989), *cert. denied,* 494 U.S. 1067, 110 S.Ct. 1784, 108 L.Ed.2d 785 (1990). Thus, in order to determine whether plaintiff's EEOC charge was timely, the Court must "identify precisely the 'unlawful employment practice' of which he complains." *Delaware State College v. Ricks,* 449 U.S. 250, 257, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980).

Plaintiff argues that the retaliatory act complained of is UNO's August 25, 1994 letter refusing plaintiff's request to "reinstitute" his grievance. Defendant contends that the retaliatory act, if any, occurred on April 7, 1992, when UNO gave plaintiff written notice that it was "no longer proceeding with [plaintiff's] grievance" because plaintiff had filed a charge with the EEOC. The August 1994 letter, defendant argues, was simply a refusal by UNO to reconsider its 1992 decision and, as such, cannot re-start the time limitations of 29 U.S.C. § 626(d).

The Court agrees with defendant and finds guidance in *Lever v. Northwestern University,* 979 F.2d 552, 556 (7th Cir.1992), *cert. denied,* 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 661 (1993). In *Lever,* the court explained that "[a]n employer's refusal to undo a discriminatory decision is not a fresh act of discrimination." *Id.* at 556. If such were the case, an employee could extend the limitation periods indefinitely simply by "filing a series of appeals and fresh requests." *Id.* Of course, if an employer's second decision is independent of the first, then an employee may "challenge the second (and only the second) decision." *Id.* "But when the first decision is connected to and implies the second—when, in other words, a single discriminatory decision is taken, communicated, and later enforced despite pleas to relent—time starts with the initial decision." *Id.*

Here, UNO informed plaintiff on April 7, 1992 that because he had filed a charge with the EEOC, it would no longer proceed with his grievance. If cessation of the grievance process amounted to unlawful retaliation, then plaintiff should have filed a charge to that effect in 1992, within 180 days of receiving notice that the grievance had been terminated. UNO's denial of his request to reinstitute the grievance, made more than two years later, did not restart his time for filing under the ADEA. To hold otherwise would render the time limitations of the ADEA utterly meaningless, avoidable by requests to reconsider years after the adverse action.

Accordingly, the Court finds that plaintiff's claim of retaliation with respect to his grievance is untimely under 29 U.S.C. § 626(d)(1) and that defendant is therefore entitled to judgment as a matter of law dismissing such claim.

For the foregoing reasons, IT IS ORDERED that the defendant's motion for summary judgment is GRANTED.