IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2010

Charles R. Fulbruge III
Clerk

No. 09-60239
Summary Calendar

MARIE LYNETTE AUSTIN,

Plaintiff–Appellant

v.

JOHN E. POTTER, Postmaster General, United States Postal Service,

Defendant–Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-CV-260

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Marie Lynette Austin appeals the district court's order granting summary judgment in favor of the United States Postal Service ("USPS") on her Title VII claim. Austin argues that the district court erred by holding that she failed to exhaust her administrative remedies, and that the district court should have extended Title VII's forty-five day filing deadline because she "did not know and reasonably should not have been [sic] known that the discriminatory matter or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

personnel action occurred." 29 C.F.R. § 1614.105(a)(2). Because Austin has failed to demonstrate that Title VII's filing deadline should be extended, the district court correctly granted summary judgement in favor of the USPS. Therefore, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Austin worked as a rural postal carrier for the USPS from 1995 until her termination in October 2006. Austin alleges that on December 22, 2005, her co-worker sexually assaulted her. Shortly after, Austin stopped showing up for work.

In early January 2006, Austin discussed the incident with two counselors at the USPS's Employee Assistance Program, which resulted in an internal investigation through the Postal Inspection Service. Austin, however, continued her unauthorized absence. As a result, on January 11, 2006, the Postmaster sent Austin a letter directing her to report for an investigative interview on January 17 to discuss her absence. Austin failed to respond to the letter and did not attend the interview. As a result, Mary Klein, the Supervisor of Customer Services, suspended Austin for seven days.

In late January 2006, Austin reported the alleged sexual assault to the Bay State Police Department and met with a postal investigator regarding the internal investigation. She did not, however, return to work. In April 2006, the Postmaster sent her another letter that directed her to submit, within fifteen days, evidence sufficient to justify her absence. When Austin failed to do so, Klein suspended Austin for fourteen days.

On July 31, 2006, Austin contacted an Equal Employment Opportunity ("EEO") counselor at the USPS to commence an agency action alleging sexual harassment based on the December 22, 2005 incident. After informing Austin that the EEO could not resolve the matter informally, an EEO Dispute Resolution Specialist told Austin that she had a right to file a formal EEO

complaint. Austin filed the complaint on September 12, 2006, but the EEO office dismissed it as untimely because Austin failed to initiate EEO contact within forty-five days of the incident.

On August 30, 2006, the USPS issued Austin a Notice of Removal (the "Notice") stating "[y]ou are hereby notified that you will be removed from the U.S. Postal Service, effective Friday, October 6, 2006." The Notice cited her extensive absence without leave and her failure to report to an investigative interview as the reasons for her termination. Austin received the Notice on August 31, 2006, and although she had the right to do so, she did not pursue a grievance with her union. On March 1, 2007, Austin received a letter informing her that her last day on pay status was October 13, 2006, and that she had remained on the USPS's administrative rolls, on non-pay status, until December 15, 2006.

On March 1, 2007, 182 days after Austin received the Notice, she contacted the EEO to commence a formal complaint alleging that the USPS terminated her in retaliation for reporting her alleged sexual assault. Austin argued that she did not learn about her termination until March 1, 2007 because the USPS had allegedly sent her several different termination dates. The USPS's EEO office issued its Final Agency Decision on March 24, 2008, which dismissed Austin's complaint because she "received notification on August 31, 2006, that she was being terminated . . . effective October 6, 2006," and had not initiated agency contact within forty-five days of her termination.

On June 20, 2008, Austin filed suit in district court, arguing that her termination resulted from retaliation and a hostile work environment.[1] The

---

[1] Austin also alleged deprivation of her constitutionally-protected property interest in her position under 42 U.S.C. § 1983, a violation of the Family Medical Leave Act, and a violation of the Rehabilitation Act of 1973. The district court granted summary judgment in favor of the USPS on these claims and Austin has abandoned them on appeal.

district court granted the USPS's motion for summary judgment, holding that because Austin did not initiate agency contact until approximately six months after receiving written notice of her termination, the EEO correctly dismissed her agency complaint as untimely, and as a result, the court did not have subject matter jurisdiction to consider her retaliation claim. Austin timely appealed.

## II. DISCUSSION

We have jurisdiction under 28 U.S.C. § 1291, and review a district court's order granting summary judgment *de novo*. *Wiley v. State Farm Fire & Casualty Co.*, 585 F.3d 206, 210 (5th Cir. 2009). "Summary judgment should be granted only if there is no genuine issue of material fact." *Id.* (citing *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003)).

Title VII prohibits "retaliation by employers against employees who have filed a charge of discrimination." *Bryant v. Compass Group U.S.A., Inc.*, 413 F.3d 471, 475 (5th Cir. 2005); *see also* 42 U.S.C. § 2000e-3(a). "As a precondition to seeking . . . judicial relief, however, complaining employees must exhaust their administrative remedies by filing a charge of discrimination with the EEO division of their agency." *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006).

An aggrieved employee must "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). Failure to initiate contact within the required period bars review of the claim in federal court absent waiver, estoppel, or equitable tolling. *Pacheco v. Rice*, 966 F.2d 904, 905 (5th Cir. 1992) (citing *Henderson v. U.S. Veterans Admin.*, 790 F.2d 436, 439–40 (5th Cir. 1986)). In Title VII cases, "the limitations period starts running when the plaintiff knows of the discriminatory act." *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1217 n.2 (5th Cir. 1992) (emphasis omitted) (citing *Merrill v. S. Methodist Univ.*, 806 F.2d 600, 605 (5th Cir. 1986)).

Federal regulations interpreting Title VII provide for an extension of the forty-five day period where the Title VII claimant "did not know and reasonably should not have been [sic] known that the discriminatory matter or personnel action occurred." 29 C.F.R. § 1614.105(a)(2). We have also occasionally permitted equitable tolling of the forty-five day period in other discrimination cases in three circumstances: "(1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights."[2] *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003) (citing *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988)).

On appeal, Austin argues that because she could not reasonably have known before March 1, 2007, that the USPS had fired her, we should reverse the grant of summary judgment under either § 1614.105(a)(2) or "under related equitable doctrines." Austin acknowledges that she received the Notice on August 31, 2006, and that it indicated that the USPS would terminate her employment on October 6, 2006. She contends, however, that it was not until she received the March 1, 2007 letter that she knew that the USPS had fired her.

The Notice sent on August 30, 2006 states "[y]ou are hereby notified that you will be removed from the U.S. Postal Service, effective Friday, October 6, 2006." That Austin received a "Notice of Personnel" action on March 1, 2007, informing her that the USPS removed her from their administrative rolls on

---

[2] "There is disagreement in this circuit on whether a Title-VII prerequisite, such as exhaustion, is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether it is a requirement that implicates subject matter jurisdiction." *Mineta*, 448 F.3d at 788 n. 7. Because Austin has not proved that she is entitled to waiver or estoppel, we need not address that disagreement.

December 15, 2006, is of no consequence. The unequivocal August 30 Notice is neither "threatening" nor "confusing" as Austin alleges; thus her claim that the March 1, 2007 letter confirmed "officially and definitely, for the first time," that Austin had been fired, is meritless.

Austin has not demonstrated that she "did not know and reasonably should not have been [sic] known that the discriminatory . . . personnel action occurred," *see* 29 C.F.R. § 1614.105(a)(2), nor has she demonstrated any basis for equitably tolling the forty-five day filing period. *See Manning*, 332 F.3d at 880. Because Austin failed to initiate contact with an EEO officer within forty-five days, she failed to exhaust her administrative remedies, and therefore the district court properly granted summary judgment in favor of the USPS.

AFFIRMED.