# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2010

No. 09-10164
Summary Calendar

Charles R. Fulbruge III
Clerk

TERRY L. MILLER,

Plaintiff–Appellant

v.

JOHN E. POTTER, Postmaster General, United States Postal Service,

Defendant–Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-1040

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appellant Terry L. Miller, an African-American woman, was an employee of the United States Postal Service ("USPS").  In 2005, Miller applied to the succession lists for two positions via the Corporate Succession Planning ("CSP") program, which is the USPS's executive promotion program.

---

[*] Pursuant to Fifth Circuit Rule 47.5, we have determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.

No. 09-10164

In February 2006, Miller filed an Equal Employment Opportunity ("EEO") complaint (the "February Complaint") alleging that she had been discriminated against on the basis of race, due to a separate event.  In April 2006, Miller and the USPS settled the February Complaint.

On July 7, 2006, Miller received an email notifying her that she had not been selected for the succession list for either of the CSP positions.  Miller made several attempts to meet with her manager, Peter Sgro, to ask why she had not been selected.  Finally, on September 6, 2006, Sgro told her that her non-selection was due to her "conflict" with management.  Miller understood this to mean that her non-selection stemmed from her filing of the February Complaint.

On October 16, 2006, Miller initiated an EEO complaint, alleging that her non-selection was due to retaliation for the February Complaint.  After the USPS dismissed Miller's EEO complaint for failure to make timely contact with a counselor, Miller filed a complaint in federal district court.  The district court granted the USPS's motion for summary judgment, and Miller appealed.

We have jurisdiction over the district court's final judgment under 28 U.S.C. § 1291.  We review the district court's grant of summary judgment *de novo*.  *Henrickson v. Potter*, 327 F.3d 444, 446 (5th Cir. 2003).

Title VII prohibits an employer from making an adverse employment decision that is motivated in part by discrimination on the basis of sex, race, color, religion, or national origin. 42 U.S.C. § 2000e-2(a)(1); *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 333 (5th Cir. 2005).  Title VII also prohibits retaliation by an employer against an employee who has filed a charge of discrimination.  42 U.S.C. § 2000e-3(a); *Bryant v. Compass Group USA Inc.*, 413 F.3d 471, 475 (5th Cir. 2005).

Before seeking judicial relief for a Title VII violation, employees "must exhaust their administrative remedies by filing a charge of discrimination with the EEO division of their agency." *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir.

No. 09-10164

2006). As part of the charge-filing process, an employee "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1).

It is undisputed that Miller learned of the allegedly discriminatory act by June 7, 2006. However, Miller did not contact an EEO counselor until October 16, 2006, more than four months later. Miller argues that the limitations period should begin on September 6, 2009 because she did not become suspicious of the USPS's motives until she met with Sgro.

In this Circuit, it is clearly established that "the limitations period starts running when the plaintiff knows of the discriminatory *act*, not when the plaintiff perceives a discriminatory motive behind the act." *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1217 n.2 (5th Cir. 1992) (emphasis in original) (citing *Merrill v. S. Methodist Univ.*, 806 F.2d 600, 605 (5th Cir.1986)); *see also Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992) ("To allow plaintiffs to raise employment discrimination claims whenever they begin to suspect that their employers had illicit motives would effectively eviscerate the time limits prescribed for filing such complaints."). Thus, it is immaterial when Miller became suspicious of the reasons behind her non-selection. Because more than forty-five days passed between the allegedly discriminatory act and Miller's contact with a counselor, Miller's claim falls outside the limitations period.

Miller also argues that she is entitled to equitable tolling of the limitations period.[1] In Title VII cases, we "have identified three potential bases for

---

[1] There is some dispute in this Circuit regarding whether exhaustion implicates subject matter jurisdiction, or whether it is a prerequisite subject to equitable doctrines. *Compare Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990) (holding that a plaintiff's failure to exhaust his administrative remedies "wholly deprives the district court of jurisdiction over the case") *with Young v. City of Houston, Tex.*, 906 F.2d 177, 180 (5th Cir. 1990) ("A failure of the EEOC prerequisite does not rob a court of jurisdiction."). Because Miller's equitable tolling argument fails, we need not resolve this disagreement.

equitable tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003) (citing *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988)). Miller argues that the USPS intentionally concealed the facts supporting her claim because Sgro avoided discussing her non-selection until after the limitations period had run. However, "[w]e equitably toll a limitations period only when the employer's *affirmative acts* mislead the employee and induce him not to act within the limitations period." *Id.* (emphasis in original). There is no indication that such an affirmative act occurred here. *Cf. Tucker v. UPS*, 657 F.2d 724, 725–26 (5th Cir. 1981) (applying equitable tolling when the company told seasonal employees they would not be recalled, and then recalled almost exclusively white and not black seasonal workers); *Reeb v. Econ. Opportunity Atlanta, Inc.*, 516 F.2d 924, 930–31 (5th Cir. 1975) (applying equitable tolling when the plaintiff was falsely informed that her job had been terminated because of inadequate funds).

We AFFIRM the district court's grant of summary judgment.