# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51203
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2014

Lyle W. Cayce
Clerk

GUSTAVO REVELES,

   Plaintiff–Appellant,

v.

JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND
SECURITY,

   Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CV-369

Before SMITH, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

  Gustavo Reveles filed suit in district court alleging that he was fired from his job as a Supervisory Border Patrol Agent (SBPA) because of discrimination based on his national origin. The U.S. Department of Homeland Security (DHS) moved for summary judgment. The district court granted the motion, and Reveles appeals that decision. For the following reasons, we affirm.

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-51203

**I**

Reveles is a Hispanic male who began working at U.S. Customs and Border Protection (CBP) in 1988. In 2006, the Office of Inspector General investigated Reveles regarding allegations unrelated to the present case and discovered inappropriate e-mails and videos stored on his government e-mail address and hard drive. Following this investigation, Reveles was placed on administrative duty for approximately one year, and in lieu of termination, Reveles signed a Last Chance Agreement (LCA), which stated Reveles would not be terminated so long as he successfully completed the terms of the LCA. One of the conditions in the LCA provided that if Reveles "engage[d] in any misconduct within twenty-four (24) months . . . [he would be] subject . . . to immediate removal from federal employment." Reveles signed the agreement and later resumed his duties as a SBPA.

A few months after Reveles signed the LCA, SBPA Rosario Bustillos sent an e-mail to thirty-nine CBP employees, including Reveles and three of Reveles's supervisors, thanking another SBPA, Robert Galvan, for catching an error in a memo. Galvan responded to all recipients that he could not take all the credit because another agent had found the error. Reveles responded to all recipients and called Galvan a "kiss-ass." Reveles states that he intended to send the e-mail solely to Galvan, a friend of his.

Field Operations Supervisor George Martinez, Reveles's immediate supervisor, spoke to Reveles regarding the e-mail. Martinez and Reveles concluded that Reveles should speak to his third-line supervisor, Patrol Agent in Charge Jonathan Richards. Reveles prepared a memorandum for Richards apologizing for the e-mail and explaining the e-mail was meant only as a joke for Galvan. After meeting with Richards, Reveles was placed on administrative status. About a week later, Chief Patrol Agent Victor

2

No. 13-51203

Manjarrez determined that Reveles's e-mail constituted misconduct in violation of the LCA, and thus, Reveles was fired.

Reveles filed an appeal of his termination with the Merit Systems Protection Board (MSPB). The administrative judge dismissed Reveles's appeal because he had waived his right to such an appeal in the LCA and also failed to allege a non-frivolous argument that he was in compliance with the LCA.

Reveles then filed a petition for review with the MSPB. Approximately three months after his termination, while the petition for review was pending, Reveles learned of an incident involving SBPA Christopher McLerran, a non-Hispanic, and Richards, Reveles's former supervisor. In a discussion about lunch plans, McLerran made sexually and racially explicit comments regarding white sausage and white bread. It was at this time that Reveles felt he was discriminated against by Richards because Richards forwarded Reveles's e-mail to his superiors but did not take action against McLerran for his comments. Reveles thus submitted supplemental information regarding this incident to the MSPB and also met with an Equal Employment Opportunity (EEO) counselor. The MSPB denied Reveles's petition for review.

Reveles filed a formal complaint with DHS alleging discrimination based on his Hispanic race. The Equal Employment Opportunity Commission (EEOC) interpreted his complaint as discrimination based on national origin and determined that DHS did not discriminate against Reveles. Reveles appealed to the EEOC Office of Federal Operations, which affirmed the EEOC's decision.

Reveles then filed a civil suit in federal district court alleging employment discrimination under Title VII of the Civil Rights Act of 1964 (Title VII). The district court granted summary judgment to the Government

No. 13-51203

on the ground that Reveles had failed to properly exhaust administrative remedies.

## II

We review a district court's grant of summary judgment de novo, applying the same standard as the district court.[1]  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] "A fact is material if it might affect the outcome of the suit under the governing law, and a dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

## III

Federal employees seeking relief under Title VII for alleged employment discrimination must exhaust administrative remedies before bringing such a case in federal district court.[4]  A federal employee who believes he has been discriminated against on the basis of national origin "must initiate contact with a[n EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."[5]  "Failure to notify the EEO counselor in timely

---

[1] *Tagore v. United States*, 735 F.3d 324, 327 (5th Cir. 2013) (citation omitted); *see also Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006) ("We review *de novo* a district court's determination of whether the exhaustion requirement is satisfied.").

[2] FED. R. CIV. P. 56(a).

[3] *Tagore*, 735 F.3d at 328 (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)) (internal quotation marks omitted).

[4] *Mineta*, 448 F.3d at 788; *Pacheco v. Rice*, 966 F.2d 904, 905 (5th Cir. 1992) (citing *Hampton v. IRS*, 913 F.2d 180, 182 (5th Cir. 1990)).

[5] 29 C.F.R. § 1614.105(a)(1).

fashion may bar a claim, absent a defense of waiver, estoppel, or equitable tolling."[6]

Reveles was terminated on March 11, 2008, and he first contacted an EEO counselor on July 22, 2008, more than forty-five days after termination. Reveles states that he learned about the incident involving McLerran sometime in June 2008 and consequently discovered the potential discriminatory motivation behind his termination at that time. Thus, Reveles appears to argue that the forty-five-day limitations period began to run in June, not March.

The Fifth Circuit has considered and rejected this argument before in the context of a separate exhaustion requirement in Title VII. In *Merrill v. Southern Methodist University*, Merrill brought suit against her employer alleging discrimination when she was denied tenure.[7] Title VII requires an individual to file a complaint with the EEOC within 180 days of the occurrence of the discriminatory act.[8] Merrill argued that "in determining whether a particular claim is time-barred, a court should focus on the date the victim first perceives that a discriminatory motive caused the act, rather than the actual date of the act itself."[9] The Fifth Circuit rejected this argument as unsupported by existing law, which "emphasize[d] that the limitations period starts running on the date the discriminatory *act* occurs."[10]

Similarly, in the context of the forty-five-day period at issue in the present case, we have stated "it is clearly established that the limitations

---

[6] *Pacheco*, 966 F.2d at 905 (citing, in part, *Henderson v. U.S. Veterans Admin.*, 790 F.2d 436, 439-40 (5th Cir. 1986)).

[7] 806 F.2d 600, 602 (5th Cir. 1986).

[8] *Id.* at 604 (citing 42 U.S.C. § 2000e-5(e)).

[9] *Id.* at 605.

[10] *Id.* (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 257-58 (1980)).

period starts running when the plaintiff knows of the discriminatory *act*, not when the plaintiff perceives a discriminatory motive behind the act."[11]  The only discriminatory act of which Reveles complains is his termination. "Because more than forty-five days passed between the allegedly discriminatory act and . . . contact with a counselor, [Reveles's] claim falls outside the limitations period."[12]

Reveles argues that his case is different from *Chapman v. Homco, Inc.*, a case involving the two-year limitations period under the Age Discrimination in Employment Act for filing a complaint in federal district court.[13]  Chapman was terminated from employment, and a few weeks later, he discovered that his termination was potentially based on a discriminatory motive.[14]  He filed a complaint with the EEOC nine months after his termination and filed a complaint in federal district court two years and two days after the date of his termination.[15]  Chapman argued that the cause of action "accrued at the time of his discovery rather than at the time of discharge."[16]  This court rejected that argument based on precedent stating the limitations period begins to run

---

[11] *Miller v. Potter*, 359 F. App'x 535, 536 (5th Cir. 2010) (per curiam) (quoting *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1217 n.2 (5th Cir. 1992)) (internal quotation marks omitted); *accord Austin v. Potter*, 358 F. App'x 602, 605 (5th Cir. 2010) (per curiam) ("In Title VII cases, 'the limitations period starts running when the plaintiff knows of the discriminatory act.'" (quoting *Christopher*, 950 F.2d at 1217 n.2)); *see also Chapman v. Homco, Inc.*, 886 F.2d 756, 758 (5th Cir. 1989) (per curiam) ("When a plaintiff alleges an unlawful discharge, the statute of limitations begins to run when the plaintiff is notified that his employment is terminated.").

[12] *Miller*, 359 F. App'x at 537.

[13] *Chapman*, 886 F.2d at 757.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 758.

at the time of the discriminatory act, in this case, the termination.[17]  Reveles points out that unlike Chapman, he sought immediate EEO counseling after learning about the potential discriminatory motive.  However, the *Chapman* court focused only on the fact that Chapman had waited two years and two days to file in district court, and it was inconsequential to the analysis that Chapman delayed nine months in filing his complaint with the EEOC.  For that reason, we are not persuaded by Reveles's argument on this point.

Because Reveles contacted an EEO counselor more than forty-five days after he was terminated, his claim is barred "absent a defense of waiver, estoppel, or equitable tolling."[18]  In his brief, Reveles distinguishes his case from *Pacheco v. Rice*, which the district court addressed as an argument on waiver.  Because Reveles did not brief the defenses of equitable tolling and estoppel, such arguments have been waived.[19]

Reveles argues that his case is different from *Pacheco v. Rice* because the EEOC reached the merits of his discrimination claim and did not make a specific finding on the timeliness of his complaint.[20]  In *Pacheco*, the employer informed Pacheco that he would be fired following an investigation into allegations of sexual harassment, and Pacheco resigned the next day.[21]  He learned of an alleged discriminatory motive behind his forced resignation three

---

[17] *Id.* (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 257-59 (1980) and *Merrill v. S. Methodist Univ.*, 806 F.2d 600 (5th Cir. 1986)).

[18] *Pacheco v. Rice*, 966 F.2d 904, 905 (5th Cir. 1992) (citing, in part, *Henderson v. U.S. Veterans Admin.*, 790 F.2d 436, 439-40 (5th Cir. 1986)).

[19] *See Morris v. Livingston*, 739 F.3d 740, 752 (5th Cir. 2014) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." (quoting *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993)).

[20] 966 F.2d 904 (5th Cir. 1992).

[21] *Id.* at 905.

years later.[22]  Within thirty days of this discovery, Pacheco filed a complaint with the EEO division of his former employer.[23]  At the time, an employee was required to meet with an EEO counselor within thirty days of the discriminatory event or personnel action.[24]  The EEO division of his employer and the EEOC both determined that the complaint was time barred.[25]  Pacheco then filed a complaint in federal district court alleging that he was "forced to resign from his job because of his race" in violation of Title VII, and the district court dismissed the complaint because of "administrative untimeliness."[26]  This court affirmed, stating "[t]o allow plaintiffs to raise employment discrimination claims whenever they begin to suspect that their employers had illicit motives would effectively eviscerate the time limits prescribed for filing such complaints."[27]

Reveles is correct that the EEOC reached the merits of his complaint and did not make a specific finding, in its initial decision or on appeal, regarding the timeliness of his initial meeting with the EEO counselor.  However, waiver requires a specific finding on the issue of timeliness.[28]  As this court has held, the docketing and acting on a complaint or request for reconsideration does not alone constitute a waiver of the timeliness objection.[29]  Because the EEOC did

---

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.* at 906.

[28] *Werner v. Dep't of Homeland Sec.*, 441 F. App'x 246, 249 (5th Cir. 2011) (per curiam) (citing *Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir. 1992)).

[29] *See Rowe*, 967 F.2d at 191 ("Rowe contends that even if his complaint was untimely, the EEOC waived the thirty day limit by docketing and acting on his request for reconsideration.  We have held, however, that such agency action does not, in and of itself, constitute a waiver.  In order to waive a timeliness objection, the agency must make a specific

No. 13-51203

not make a specific finding that Reveles's contact with an EEO counselor was timely, the argument on timeliness was not waived.

* * *

For the reasons above, we AFFIRM the decision of the district court granting summary judgment to the U.S. Department of Homeland Security.

---

finding that the claimant's submission was timely.") (citations omitted); *see also Oaxaca v. Roscoe*, 641 F.2d 386, 390 (5th Cir. Unit A Apr. 1981) ("[W]e reject Oaxaca's contention that the federal agency, by merely accepting and investigating a tardy complaint, automatically waives its objection to the complainant's failure to comply with the prescribed time delays.").