# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2020

Lyle W. Cayce
Clerk

No. 20-60118
Summary Calendar

SHIRLEY ABELS,

*Plaintiff—Appellant*,

*versus*

KENNETH J. BRAITHWAITE, SECRETARY OF THE NAVY,
DEPARTMENT OF THE NAVY[1],

*Defendant—Appellee.*

Appeal from the United States District Court
for the Southern District of Mississippi
USDC 1:18-CV-196

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Shirley Abels appeals the district court's dismissal of her 42 U.S.C. § 2000e *et seq.* ("Title VII") action. The case was dismissed because her

---

[1] Kenneth J. Braithwaite has been automatically substituted as a party as successor to Richard V. Spencer. FED. R. CIV. P. 25(d).

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60118

claim was time barred under 29 C.F.R. § 1614.105(a)(1), as she failed to initiate contact with an EEO counselor within 45 days of the alleged discriminatory action.

In 2016, Abels was employed as a financial technician for Naval Construction Group Two in Gulfport, Mississippi, with a GS-7 paygrade. On September 18, 2016, Abels's paygrade was reclassified to GS-6. Several months later, on December 22, 2016, Abels learned information that led her to believe her reclassification had been made on the basis of discriminatory animus. She contacted an EEO counselor on January 30, 2017.

We review a district court's grant of a motion to dismiss *de novo*. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). It is undisputed that Abels learned, on August 8, 2016, that her paygrade would be reclassified. Nor is it disputed that her paygrade was downgraded on September 18, 2016. But, Abels argues that the limitations period should have begun on December 22, 2016, the date she became aware of the possibility that animus motivated her paygrade reclassification.

The discovery rule is inapplicable to Abels's discrimination claim. "This Circuit has . . . consistently focused on the date that plaintiff knew of the discriminatory *act*." *Merrill v. S. Methodist Univ.*, 806 F.2d 600, 605 (5th Cir. 1986); *see id.* ("[The leading case on this subject] emphasizes that the limitations period starts running on the date the discriminatory *act* occurs."); *see also Miller v. Potter*, 359 F. App'x 535, 537 (5th Cir. 2010) (per curiam) ("To allow plaintiffs to raise employment discrimination claims whenever they begin to suspect that their employers had illicit motives would

No. 20-60118

effectively eviscerate the time limits prescribed for filing such complaints." (quoting *Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992))).[2]

Furthermore, even viewing the allegations in the light most favorable to Abels, as this court must, Abels fails to assert sufficient factual details to avail herself of any of the equitable doctrines that could keep her claim alive. *See Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 521 (5th Cir. 2008) ("[F]iling a timely charge of discrimination with the EEOC is . . . a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982))); *see also Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011) (providing three bases for equitable tolling that are to be "applied sparingly" (quoting *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002))). Therefore, none of the equitable doctrines apply here. "Thus, it is immaterial when [Abels] became suspicious of the reasons behind her [reclassification]" because she did not contact an EEO counselor within 45 days of her paygrade reclassification. *Miller*, 359 F. App'x at 537. Accordingly, the district court did not err when it found that Abels's claim was time barred.

AFFIRMED.

---

[2] The Third Circuit agrees with our interpretation. After initially recognizing the discovery rule in Title VII cases, the Third Circuit later determined that its earlier decision could not "be reconciled with the Supreme Court's mandate that when 'the text [of a statute] and reasonable inferences from it give a clear answer,' that is 'the end of the matter.'" *Rotkiske v. Klemm,* 890 F.3d 422, 428 (3d Cir. 2018) (quoting *Brown v. Gardner*, 513 U.S. 115, 120 (1994)) (overruling *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994)). Although the Seventh Circuit has arguably extended the discovery rule to the context of actions for employment discrimination, its analysis does not overcome our precedent. *See, e.g.*, *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990) (Posner, J.).